MILLS, Judge,
concurring in part and dissenting in part:
I would affirm those parts of the deputy’s order which the majority affirmed, but I would also affirm those parts which the majority reversed and remanded.
I find the deputy’s order is supported by competent substantial evidence and the law. I adopt the following from the deputy’s order:
4. That the claimant received an injury by accident arising out of and in the *540 course of her employment on February 26, 1982, when she slipped and fell in the waiting room of the employer’s office, suffering a hip sprain.
5. That the claimant’s average weekly wage is $172.76 giving her a compensation rate of $115.17. In making such findings, I recognize the several items of testimony introduced at the hearings relating to the question of average weekly wage and specifically find that, since the claimant and her fellow employees are commission employees and the performance of each depends on the particular ability of each employee, that there was no like employee whose wages should be considered in computing the average weekly wage and that the claimant’s actual earnings should be used. I have considered that the claimant testify that both Kathy Quinn and Shelly Mandell were like employees; however, the employer’s manager testified that Kathy Quinn was the most successful counselor in the employer’s business and her earnings and ability were not similar to the claimant’s. He did testify that Shelly Mandell was more of a like employee; however, I recognize that when computing Shelly Mandell’s earnings, he developed an average weekly wage of only $123.24. The claimant’s actual earnings as represented by the wage schedule submitted into evidence discloses that her earnings were substantially more than Shelly Mandell’s. I therefore find that there was no like employee whose wages should be considered in computing the average weekly wage and that the claimant’s actual earnings should be used. An analysis of the claimant’s wage schedule discloses that the claimant’s actual earnings during the three months prior to the industrial accident amounted to $1,951.30 with an additional fringe benefits of $294.54 for a total of $2,245.84 or $172.76 per week.
6. That the carrier paid temporary total disability compensation benefits at the rate of $115.17 per week for February 27 and 28, 1982 and again for March 2 to August 8, 1982.
7. I recognize the conflicting testimony between the medical evidence presented by the claimant and that presented by the Employer/Carrier and I accept the opinion by Melvin Drucker, M.D., an orthopedic specialist, over that expressed by the claimant’s chiropractic physician, Dr. Carlson. Dr. Drucker testified and I also find that by the time of his examination on October 7, 1982, the claimant had no residual impairment from the industrial accident of February 26, 1982.
8. I also accept the opinion of Dr. David Pinosky, a Board qualified psychiatrist, and Dr. Charles Kram, a psychologist, over that of the testimony of Dr. Robert A. Greene, a psychologist. It was the opinion of Dr. Pinosky that the claimant had a fragile personality; however, any emotional problems, such as she displayed, were not caused by the industrial accident. I further find that said opinion is supported by the opinion of Charles Kram Ph.D., the psychologist who examined and tested the claimant at the request of Dr. David Pinosky. Dr. Kram’s report was introduced into evidence by the claimant. It is my judgment that the opinions and evaluations of Dr. Pinosky and Dr. Kram are representative of a more detailed and objective analysis than that of Dr. Greene whose treatment had been provided to the claimant for slightly over a year prior to her industrial accident and was obviously initiated for conditions unrelated to the accident of February 26, 1982.
9. With regard to the claim for further temporary total disability compensation benefits, I find that the claimant is entitled to no further temporary total disability compensation benefits in excess of that paid by the Employer/Carrier. I recognize that the claimant testified on January 4, 1983 that she has continued complaints of neck pain and hip pain and headaches; however, I have found, based on the medical testimony of the only *541 Board Certified Orthopedic Specialist, Dr. Drucker, that she has no residual complaints that are related to the industrial accident. I also recognize that Dr. Carlson testified on January 4, 1983 that the claimant continued to suffer from a low back strain and sprain and subluxation of the sacroilliac and interference with the lower vertebra and that in his opinion she was disabled; however, I have rejected the medical opinion of this doctor in favor of the Board Certified Orthopedic Specialist, Dr. Drucker, and also observe that Dr. Carlson has seen the claimant for neck problems and headaches starting in June of 1980, and that those conditions were obviously unrelated to the injury of February 26, 1982. In view of the fact that I find the claimant has no residual impairment related to the industrial accident, (although I recognize she does suffer from a significant physical impairment as a result of her pre-ex-isting unrelated multiple sclerosis) and in considering her testimony that she made no attempts to return to work, I find that the evidence accepted by me is insufficient in support of a finding of further temporary total disability compensation benefits in addition to those previously paid.
10. In view of the fact that I find that the claimant has no permanent residual impairment as a result of her industrial accident, the claim for wage loss benefits and the claim for permanent and total disability compensation benefits are hereby denied.
11. As the claimant reached her maximum recovery by October 7, 1982 with no residual impairment related to the industrial accident the claim for further remedial medical care and attendance subsequent to that date is hereby denied.
12. I find that the claimant has obtained no benefits as a result of her claim which were not voluntarily paid by the carrier and the claim for costs, penalties, interest and attorneys fees is hereby denied.